**No. 49501.**—Protests 29296–K, etc., of John Thallon & Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of chicken or poultry in tins assessed on the full content of the tin, and that it is similar in all material respects to that the subject of *United States* v. *Hearty* (31 C. C. P. A. 106, C. A. D. 257), which record was incorporated herein. In accordance therewith the chicken was held dutiable on the weight of the meat alone, as claimed, exclusive of the extraneous material found in the tins and as set forth in this decision.

**No. 49502.**—Protests 24604–K, etc., of John Thallon & Co., Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of chicken or poultry in tins assessed on the full content of the tin, and that it is similar in all material respects to that the subject of *United States* v. *Hearty* (31 C. C. P. A. 106, C. A. D. 257), which record was incorporated herein. In accordance therewith the chicken was held dutiable on the weight of the meat alone, as claimed, exclusive of the extraneous material found in the tins and as set forth in this decision.

**No, 49503.**—Protest 37367–K of L. A. Importing Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the cheese in question is similar to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). The protest was therefore sustained.

**No. 49504.**—Protest 23347–K of Miglioretti Bros. (Baltimore).

Opinion by KEEFE, J. At the trial samples of the earthenware containers were marked exhibits 1 to 10 inclusive, and the case was then suspended under suit 4342 (*United States* v. *Mulligan*, 29 C. C. P. A. 117, C. A. D. 179). It was held therein that Congress never intended to give unusual containers of such merchandise a rate status different from that given unusual containers of other kinds of merchandise. When again called for trial the manager of the plaintiff concern testified as to the earthenware containers only, and admitted that the miniature containers of the liqueurs were not purchased for the contents but for collection purposes, and that the one-tenth of a pint miniature is merely a fancy jar or container and that it enhances the value of the merchandise therein. There was some evidence that the miniatures are reproductions of the regular containers of cordials, which usually are attractive in appearance, but there was nothing